IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LOCKE,<br><br>        Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO; JUDICIAL COUNCIL OF OF CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS; JULIE SETZER, Sacramento Superior Court Family Law and Probate Director of Operations; JAKE CHATTERS, Sacramento Superior Court Deputy Executive Officer; DENNIS JONES, Sacramento Superior Court Executive Officer; EDWARD POLLARD, Sacramento Superior Court Chief Deputy Executive Officer,<br><br>        Defendants.[1] | 2:08-cv-02434-GEB-KJM<br><br><u>STATUS (PRETRIAL SCHEDULING) ORDER</u> |

        The status (pretrial scheduling) conference scheduled for April 27, 2009, is vacated since the parties' Joint Status Report ("JSR") indicates the following Order should issue.

---

[1]     The caption has been amended according to the <u>Dismissal of Doe Defendants</u> portion of this Order.

1

## DISMISSAL OF DOE DEFENDANTS

Plaintiff states in the JSR that "discovery may lead to the identification of other individuals who should be named as Defendants based upon Plaintiff's allegation that others aided and enabled the conduct of Defendants Setzer, Chatters, Pollard and Jones"; and further states "[t]herefore, Plaintiff has named several 'Doe' Defendants" and "requests permission to amend the Complaint to add Doe defendants by September 1, 2009 without any further leave of the Court." JSR at 2:22-27

However, the Notice of Removal reveals Plaintiff filed his initial Complaint on April 4, 2008, and yet Plaintiff fails to explain why he has not already conducted discovery concerning whether he needs to seek leave to substitute a named defendant in place of a doe defendant. Since Plaintiff fails to provide sufficient reason justifying adding other parties to this action the good cause standard shall apply to any motion filed in which leave is sought to add a party.

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 to 10 are dismissed. See Order Setting Status (Pretrial Scheduling) Conference filed January 8, 2009, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

## SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

/ / /

/ / /

## DISCOVERY

All discovery shall be completed by April 21, 2010. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure requirements on or before November 20, 2009, and with any authorized rebuttal expert disclosure on or before December 23, 2009.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be June 21, 2010, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u> Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes, including their dispute in the JSR concerning the number of depositions. See Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  Cf. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law.

A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.  A motion in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for August 16, 2010, at 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

/ / /

/ / /

1 | The parties are warned that <u>non-trial worthy issues could be
2 | eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no
3 | material facts are in dispute and that the undisputed facts entitle
4 | one of the parties to judgment as a matter of law." <u>Portsmouth Square
5 | v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).
6 | The parties shall file a <u>JOINT</u> pretrial statement no later
7 | than seven (7) calendar days prior to the final pretrial conference.[4]
8 | The joint pretrial statement shall specify the issues for trial and
9 | shall estimate the length of the trial.[5] The Court uses the parties'
10 | joint pretrial statement to prepare its final pretrial order and could
11 | issue the final pretrial order without holding the scheduled final
12 | pretrial conference. <u>See</u> <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th
13 | Cir. 1999) ("There is no requirement that the court hold a pretrial
14 | conference.").
15 | <u>If possible, at the time of filing the joint pretrial</u>
16 | <u>statement counsel shall also email it in a format compatible with</u>
17 | <u>WordPerfect to: geborders@caed.uscourts.gov</u>.

TRIAL SETTING

Trial is set for November 9, 2010, commencing at 9:00 a.m.

/ / /
/ / /

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[5] **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

5

MISCELLANEOUS

         The parties are reminded that pursuant to Federal Rule of
Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall
not be modified except by leave of Court upon a showing of good cause.
Counsel are cautioned that a mere stipulation by itself to change
dates does not constitute good cause.**

         IT IS SO ORDERED.

Dated:  April 23, 2009

                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge